<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS A. BIGGINS,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>       Defendants. | Civil Action No. 22-6310 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court upon Defendant United States Postal Service's ("USPS") unopposed Motion to Dismiss pro se Plaintiff Thomas A. Biggins's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure[1] 12(b)(1) (ECF No. 15). The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, USPS's Motion to Dismiss is granted.

### I.    BACKGROUND

#### A.    Factual Background[2]

      The instant action arises out of pro se Plaintiff's request under the Freedom of Information Act ("FOIA") for the address information of Emily Zhao ("Zhao") from USPS. (*See generally* Compl. ECF No. 1.)

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

### 1.    *Plaintiff's Allegations*

On June 24, 2022, Plaintiff submitted five requests to United States Post Offices in New Jersey[3] for address information of Zhao ("At-Issue Requests"). (*Id.* ¶¶ 22-23.) More specifically, Plaintiff sought Zhao's address information for the purpose of effectuating service of process on Zhao related to a case that he initiated against her in the Superior Court of New Jersey ("State Court Action"). (*Id.* ¶ 27.)

In the Complaint, Plaintiff alleges that USPS "failed, refused, or willfully neglected to respond to" the At-Issue Requests "as required by FOIA" (*id.* ¶ 35), and was "at t[ime]s [sic] rude, dismissive, flippant, caustic, and smug" in its response to the At-Issue Requests (*id.* ¶ 25). Plaintiff further alleges that USPS did not request "clarifying information" from him nor notify him "with respect to any unusual circumstances necessitating an extension of time for the determination of the requests[.]" (*Id.* ¶¶ 36-37.)

Plaintiff contends that he exhausted administrative remedies under FOIA on July 22, 2022. (*Id.* ¶ 41.) But, Plaintiff also contends that, on August 1, 2022, he appealed the "New Jersey Stations' [At-Issue Requests] denial to *foiaappeal@usps.gov*" in an effort to reach an "amicable resolution of USPS's [alleged] FOIA failures[.]" (*Id.* ¶ 42.) In response to Plaintiff's appeal, he received a phone call from "USPS'[s] FOIA offices[,]" during which he was informed that his request for Zhao's address information is governed by the Privacy Act of 1974, 5 U.S.C. § 552a, not FOIA. (*Id.* ¶¶ 42-46.) During the same phone call, Plaintiff contested USPS's position regarding the governing law. (*Id.* ¶¶ 47-50.) Ultimately, Plaintiff's effort to resolve the alleged FOIA failures was to no avail. (*Id.*) Plaintiff maintains that "USPS's failure and refusal to furnish the requested information is unlawful, arbitrary, capricious, or otherwise not in accordance with

---

[3] Plaintiff transmitted his requests for address information of Zhao to Postmasters at the United States Post Offices in Princeton and Princeton Junction, New Jersey. (Compl. ¶ 9.)

law, and irreparably injure[d] him by depriving him of the public information he is entitled to access to effectuate service of original process" in the State Court Action. (*Id.* ¶ 56.)

### 2.    *The State Court Action and Efforts to Effectuate Service on Zhao*[4]

Plaintiff filed the State Court Action on June 6, 2022. (Compl. ¶ 7, *Biggins v. Zhao et al.*, ESX-L-3331-22 (N.J. Super. Ct. Law Div. June 6, 2022).) In the State Court Action, Plaintiff alleges that defendants Zhao and "Faria"[5] harmed his personal and business reputation by posting an unfavorable review of him on Airbnb.com. (*See generally id.*) Plaintiff alleges that, in doing so, Zhao was negligent, grossly negligent, reckless, defamatory, libelous, slanderous, and engaged in willful and wanton conduct. (*See generally id.*) Plaintiff has gone to great lengths in an effort to effectuate service on Zhao to no avail. (Aff. of Diligent Inquiry ¶¶ 6-10, 16-21, *Biggins v. Zhao et al.*, ESX-L-3331-22 (N.J. Super. Ct. Law Div. Dec. 20, 2022); Aff. of Diligent Inquiry ¶¶ 9-17, *Biggins v. Zhao et al.*, ESX-L-3331-22 (N.J. Super. Ct. Law Div. May 3, 2023).) Because Plaintiff had not yet served Zhao in the State Court Action, it was scheduled to be dismissed on August 24, 2023 for failure to effectuate service. (Order, *Biggins v. Zhao et al.*, ESX-L-3331-22 (N.J. Super. Ct. Law Div. May 26, 2023).)

---

[4] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). An exception to the general rule, however, is that a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (internal quotation marks omitted). Because the State Court Action is "indisputably authentic" and is integral to, or explicitly relied upon in the Complaint, the Court will consider the filings within the State Court Action in ruling on USPS's motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

[5] "Faria" is the "'screen name" used to identify the owner, employee, agent, and/or manager of the Providence Street short-term rental property and business on the Airbnb.com website.'" (Compl. ¶ 7, *Biggins v. Zhao et al.*, ESX-L-3331-22 (N.J. Super. Ct. Law Div. June 6, 2022).)

**B.      Procedural History**

Undeterred, Plaintiff initiated the instant federal action on October 27, 2022, asserting a two-count complaint against USPS for the alleged failure to: (1) disclose public records pursuant to FOIA ("Count One"); and (2) comply with the Administrative Procedure Act ("Count Two"). (*See generally* Compl.) Alongside the Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-2.) On January 10, 2023, the Court granted Plaintiff's IFP application and ordered the United States Marshals to effectuate service of the Complaint. (ECF No. 3.) Service was effectuated on USPS on March 23, 2023. (ECF No. 11.)

On July 7, 2023, USPS moved to dismiss Plaintiff's Complaint under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction or, in the alternative, that the Complaint should be dismissed because it is moot. (*See generally* Def.'s Moving Br., ECF No. 15.) Over the course of approximately sixteen months, the Court granted a total of seven extensions to file an opposition to USPS's motion.[6] (*See* ECF No. 16; ECF No. 21; ECF No. 22; ECF No. 23; ECF No. 25; ECF No. 29; ECF No. 33.) Finally, the Court apprised Plaintiff that if he did not file an opposition to USPS's motion, it would deem USPS's motion unopposed. (*See id.*) On December 11, 2024, having received no opposition[7] to USPS's motion, the Court deemed the motion unopposed. (ECF No 38.) As of the date of this Memorandum Opinion, Plaintiff has not filed an opposition. The motion is now ripe for review.

---

[6] The Court *sua sponte* extended time to file opposition (ECF No. 16) and granted Plaintiff's subsequent extension requests. On September 19, 2024, the Court warned Plaintiff when granting the seventh extension that the Court would not entertain any further extension requests. (ECF No. 33 ("No further extensions will be permitted.").)

[7] On October 21, 2024, Plaintiff filed a motion to amend, which the Honorable Justin T. Quinn, U.S.M.J., denied as untimely and procedurally deficient. (ECF No. 38.)

## II.     **LEGAL STANDARD**

### A.     **Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss based on a lack of subject-matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (internal quotation marks and citation omitted). Prior to filing an answer, a defendant's motion to dismiss is considered a facial attack. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (explaining that a defendant's motion was a "facial attack" because defendant "filed the attack before it filed an answer to the [c]omplaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed." (citation omitted)).

Here, because USPS has filed its Motion to Dismiss prior to answering the Complaint, the Court will construe the Rule 12(b)(1) motion as a facial attack. Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial challenge, a court, however, may still consider public documents, websites, or other sources whose accuracy cannot reasonably be questioned. *See, e.g., Abulkhair v. Comm'r of Soc. Sec.*, 450 F. App'x 117, 119 n.3 (3d Cir. 2011) (taking judicial notice of information on website

owned and operated by the United States Social Security Administration); *Landair Transp., Inc. v. Del's Truck & Auto Repair*, No. 17-723, 2018 WL 950208, at *2 n.1 (M.D. Pa. Feb. 20, 2018) (taking judicial notice of information on website owned and operated by the Pennsylvania Department of State (citation omitted)). On this posture, a court presumes that it lacks subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (explaining that when jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion).

**B.    Rule 12(b)(6)**

Under Rule (12)(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips*, 515 F.3d at 23; *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

It is well established that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294

6

F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe pro se claims liberally and afford pro se plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). Notwithstanding the liberal interpretation, the complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

## III.   **DISCUSSION**

In moving to dismiss, USPS argues that: (1) Plaintiff failed to exhaust administrative remedies (Def.'s Moving Br. 1); and (2) even if Plaintiff exhausted administrative remedies, the action is moot because USPS has voluntarily provided Plaintiff responses to the At-Issue Requests (*id.* at 2).

Although Plaintiff did not file an opposition to Defendant's Motion to Dismiss, the Court will conduct its own analysis of whether Plaintiff sufficiently stated a claim upon which relief could be granted. *See, e.g.*, *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (remanding to the district court where claims were dismissed on the basis that the motion to dismiss was unopposed rather than on the district court's analysis of the sufficiency of the claims); *see also Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836, at *4 (D.N.J. Sept. 17, 2024) (noting that "out of an abundance of care to the pro se [p]laintiff" the court "addresses the substance of the [unopposed] [m]otion") (citing *Est. of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009), *as amended* (Sept. 11, 2009)).

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)

(internal quotation marks and citation omitted). FOIA, however, does not provide individuals an absolute right to information. *See Schwartz v. U.S. Dep't of Just.*, No. 06-5581, 2007 WL 2916465, at *4 (D.N.J. Oct. 4, 2007). Rather, "FOIA provides processes and procedures under which individuals seeking information from federal governmental agencies can request information." *Id.* (citing 5 U.S.C. § 552). Specifically, FOIA obligates "each agency, upon any request for records which[:] ([1]) reasonably describes such records; and ([2]) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Thus, to make a proper FOIA request, an individual must: (1) direct the request to a federal agency that is subject to FOIA; (2) seek to obtain agency records; (3) follow the target agency's published rules governing FOIA requests; and (4) reasonably describe the records being sought.

Before seeking judicial review, an individual making a request to an agency for records, as here, must exhaust their administrative remedies, which includes making a proper FOIA request. *See, e.g.*, *Surgick v. Cirella*, No. 09-3807, 2010 WL 2539418, at *4 (D.N.J. June 15, 2010) ("Whether plaintiffs failed to comply with FOIA procedures in filing a request for records or failed to exhaust administrative remedies, plaintiffs cannot pursue their claim against the [agency] until they have done both." (citing *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993)). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." (internal quotation omitted) *McDonnell*, 4 F.3d at 1241 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.D.C. 1990)). FOIA's disclosure requirements, therefore, do not apply unless a request is made in accordance with published rules that state procedures to be followed for making a request. *See* 5 U.S.C. § 552(a)(3)(A). Put simply,

failure to exhaust administrative remedies by the requesting party, e.g., failure to make a proper FOIA request, permits a district court to dismiss such FOIA claims. *See McDonnell*, 4 F.3d at 1240-41.

Here, the Court finds that Plaintiff has failed to exhaust administrative remedies because he failed to make proper FOIA requests. Although Plaintiff alleges that he "has exhausted each and every exhaustion-of-remedies requirement that must be satisfied to bring and maintain this proceeding," (Compl. ¶ 18) the At-Issue Requests suggest otherwise.

*First and foremost*, the At-Issue Requests seek to obtain information maintained by USPS rather than "agency records." It is well-settled that FOIA "deals with 'agency records,' not information in the abstract". *Forsham v. Harris*, 445 U.S. 169, 185 (1980). Along the same lines, FOIA does not create an obligation for an agency "'to answer questions disguised as a FOIA request . . . or to create documents or opinions in response to an individual's request for information.'" *Espinoza v. Dep't of Just.*, 20 F. Supp. 3d 232, 245 (D.D.C. 2014) (quoting *Hudgins v. I.R.S.*, 620 F. Supp. 19, 21 (D.D.C. 1985)). Here, Plaintiff's At-Issue Requests seek to obtain

Zhao's address *information*.[8] The At-Issue Requests in no way appear to request agency records.[9] As such, because Plaintiff's At-Issue Requests are not seeking agency records, USPS had no obligation under FOIA to provide such information.

*Second*, Plaintiff failed to comply with USPS's policies and procedures for making FOIA requests. *See Biear v. Att'y Gen. U.S.*, 905 F.3d 151, 156 (3d Cir. 2018) ("[F]ailure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust, which subjects a case to dismissal." (internal quotation marks and citation omitted)). To make a proper FOIA request in accordance with USPS's policies and procedures, the "[FOIA] request must be submitted to the appropriate FOIA Requester Service Center (["]RSC["])." 39 C.F.R. § 265.3(a). The request "must [also] be in writing and bear the caption 'Freedom of Information Act Request' or otherwise be clearly and prominently identified as a request for records pursuant to [FOIA], both on the letter and on the envelope or other cover." 39 C.F.R. § 265.3(b). Any request that "does not comply with [USPS's] published rules regarding the procedures to be followed for submitting a request[] will

---

[8] Even further, Plaintiff's At-Issue Requests are each captioned as a "Request for Change of Address or Boxholder Information Needed for Service of Legal Process" and include unsigned certifications, indicating that Plaintiff was submitting them to USPS for the purpose of obtaining "address information [] needed . . . for service of legal process." (ECF No. 1-6, at 3, 6; *see also* ECF No. 1-7, at 3, 6.)

[9] The United States Supreme Court has explained that,

> [FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained. It has been settled by decision of [the Supreme Court] that only the Federal Records Act, and not [] FOIA, requires an agency to actually create records, even though the agency's failure to do so deprives the public of information which might have otherwise been available to it.

*Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980).

be deemed to be an improper FOIA request." 39 C.F.R. § 265.3(f). Such policies and procedures can be found on USPS's website.[10]

Here, the At-Issue Requests were addressed and submitted to the Postmasters of the United States Post Offices in Princeton and Princeton Junction, New Jersey, which are not appropriate FOIA RSCs.[11] (*See, e.g.*, Compl. ¶ 9 ("[T]he [At-Issue Requests] forming the genesis of this litigation [were addressed and submitted] to the United States Postal Service and its agents and employ[ee]s [sic] at post office Stations at Princeton Junction . . . and Princeton, New Jersey[.]").) Furthermore, Plaintiff also failed to correctly label the At-Issue Requests in accordance with USPS's policies and procedures. *See* 39 C.F.R. § 265.3(b) (requiring FOIA requests be in "writing and bear the caption 'Freedom of Information Act Request' or otherwise be clearly and prominently identified as a request for records pursuant to [FOIA], both on the letter and on the envelope or other cover"). Neither the At-Issue Requests nor the affixed cover letters contain the specified caption as required by USPS's FOIA policies and procedures. (*See* ECF No. 1-6 at 3, 6; ECF No. 1-7 at 3, 6.)

---

[10] A district court may take judicial notice only from sources not reasonably subject to dispute. Fed. R. Evid. 201(b). Because the website here is owned and operated by the Federal Government, rather than by a private entity, the Court finds that the facts contained on the website are authentic and that the source is not reasonably subject to dispute. *See Abulkhair*, 450 Fed. App'x at 119 n.3 (taking judicial notice of facts contained on official government website).

[11] USPS provides multiple means of determining who the "appropriate" FOIA RSC is for a particular request. For example, "[d]escriptions of, and contact information for, the various FOIA RSCs can be found" online. 39 C.F.R. § 265.3(a); *see also* Handbook AS-353, *Guide to Privacy, the Freedom of Information Act, and Records Management*, USPS (Feb. 2019) https://about.usps.com/handbooks/as353/welcome.htm; USPS.com, *Make a FOIA request by mail*, https://about.usps.com/who/legal/foia/make-request-by-mail.htm (last visited Jan. 28, 2025). Additionally, "[f]or assistance in determining the appropriate FOIA RSC, requesters may contact the USPS HQ FOIA Requester Service Center, Privacy and Records Office, U.S. Postal Service, 475 L'Enfant Plaza SW., Washington, DC 20260, telephone (202) 268-2608." 39 C.F.R. § 265.3(a).

Because Plaintiff failed to exhaust administrative remedies by failing to make a proper FOIA request, the Court dismisses Plaintiff's Complaint without prejudice.[12]

**IV.    CONCLUSION**

For the reasons stated above, the Court grants USPS's Motion to Dismiss. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[12] As this is a first dismissal, the Court grants pro se Plaintiff an opportunity to file an amended complaint within forty-five days. *See, e.g.*, *In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 739 (D.N.J. 2016). The Court, however, acknowledges USPS's argument that the Complaint is moot because it subsequently voluntarily provided Plaintiff responses to the At-Issue Requests. (Def.'s Moving Br. 2.) Because the Court grants USPS's motion on another ground, the Court declines to address USPS's mootness argument at this juncture.