NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS A. BIGGINS,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

Defendant.

Civil Action No. 22-6310 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant the United States Postal Service's ("USPS") unopposed Motion to Dismiss (ECF No. 43) Plaintiff Thomas A. Biggins's ("Plaintiff") Amended Complaint (ECF No. 42). The Court has carefully considered USPS's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants USPS's Motion to Dismiss.

I.    **BACKGROUND**[1]

A.    **Factual Background**

The instant action arises out of *pro se* Plaintiff's request under the Freedom of Information Act ("FOIA") for the address information of Emily Zhao ("Zhao") from USPS. (*See generally* Am. Compl., ECF No. 42.) The Court previously detailed the facts of this case in its February 28, 2025, Memorandum Opinion (the "2025 Opinion"). *See Biggins v. United States Postal Serv.*, No. 22-6310, 2025 WL 660606, at *1-2 (D.N.J. Feb. 28, 2025). Here, it includes only the factual

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

allegations necessary to decide the instant motion and directs the parties to the 2025 Opinion for a detailed recitation of the facts. *See Biggins*, 2025 WL 660606, at \*1-2.

### B.    Procedural Background

Plaintiff initiated the instant federal action in a two-count complaint against USPS for the alleged failure to: (1) disclose public records pursuant to FOIA ("Count One"); and (2) comply with the Administrative Procedure Act ("APA") ("Count Two"). (*See generally* Compl., ECF No. 1.) On February 28, 2025, the Court granted USPS's First Motion to Dismiss. (Order, ECF No. 40.) On April 15, 2025, Plaintiff filed the operative Amended Complaint alleging violations of FOIA and the APA and seeking declaratory judgment for the alleged violations. (Am. Compl. ¶¶ 84-113.) USPS subsequently filed the instant, unopposed, Motion to Dismiss. (Mot. to Dismiss, ECF No. 43.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1),[2] a defendant may move to dismiss based on a lack of subject-matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (internal quotation marks and citation omitted). Prior to filing an answer, a defendant's motion to dismiss is considered

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

a facial attack. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (explaining that a defendant's motion was a "facial attack" because defendant "filed the attack before it filed an[] answer to the [c]omplaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed." (citation omitted)).

Here, because USPS filed its Motion to Dismiss prior to answering the Complaint, the Court will construe the Rule 12(b)(1) motion as a facial attack. "[T]he court, [accordingly,] must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Under a facial challenge, a court, however, may still consider public documents, websites, or other sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Abulkhair v. Comm'r of Soc. Sec.*, 450 F. App'x 117, 119 n.3 (3d Cir. 2011) (taking judicial notice of information on website owned and operated by the United States Social Security Administration); *Landair Transp., Inc. v. Del's Truck & Auto Repair*, No. 17-723, 2018 WL 950208, at *2 n.1 (M.D. Pa. Feb. 20, 2018) (taking judicial notice of information on website owned and operated by the Pennsylvania Department of State (citation omitted)). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (explaining that when jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion (citation omitted)).

3

### B.    Rule 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages*, 926 F.2d at 1409.

## III.    <u>DISCUSSION</u>

USPS argues that the Amended Complaint does not cure the original Complaint's deficiencies. (*See generally* Mot. to Dismiss.) USPS makes two primary arguments in support of

dismissal: (1) Plaintiff failed to exhaust administrative remedies; and (2) even if Plaintiff did exhaust administrative remedies, the matter is moot because USPS provided Plaintiff responses to the FOIA request (the "At-Issue Requests"). (*Id.* 2-4.)

Plaintiff did not oppose USPS's Motion to Dismiss; however, the Court will conduct its own analysis of whether Plaintiff sufficiently states a claim upon which relief could be granted. *See, e.g., Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (finding that a district court must assess the sufficiency of the alleged claims even where a motion to dismiss is unopposed); *see also Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836, at *4 (D.N.J. Sep. 17, 2024) (noting that "out of an abundance of care to the *pro se* [p]laintiff" the court "addresses the substance of the [unopposed] [m]otion") (citing *Est. of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009), *as amended* (Sept. 11, 2009)).

As the Court discussed in the 2025 Opinion, "Congress enacted FOIA to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Biggins*, WL 660606, at *4 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). FOIA, however, does not provide individuals an absolute right to information. *See Schwartz v. U.S. Dep't of Just.*, No. 06-5581, 2007 WL 2916465, at *4 (D.N.J. Oct. 4, 2007). Rather, "FOIA provides processes and procedures under which individuals seeking information from federal governmental agencies can request information." *Id.* (citing 5 U.S.C. § 552). Specifically, FOIA obligates "each agency, upon any request for records which[:] ([1]) reasonably describes such records[;] and ([2]) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Thus, to make a proper FOIA request, an individual must: (1) direct the request to a federal agency that is subject to FOIA; (2) seek to obtain agency records; (3) follow the target agency's published rules

governing FOIA requests; and (4) reasonably describe the records being sought. *See* 5 U.S.C. § 552(a)(3)(A).

Before seeking judicial review, an individual making a request to an agency for records, as here, must exhaust their administrative remedies, which includes making a proper FOIA request. *See, e.g., Surgick v. Cirella*, No. 09-3807, 2010 WL 2539418, at *4 (D.N.J. June 15, 2010) ("Whether plaintiffs failed to comply with FOIA procedures in filing a request for records or failed to exhaust administrative remedies, plaintiffs cannot pursue their claim against the [agency] until they have done both.") (citing *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993)). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *McDonnell*, 4 F.3d at 1241 (internal quotation omitted) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.D.C. 1990)). FOIA's disclosure requirements, therefore, do not apply unless a request is made in accordance with published rules that state procedures to be followed for making a request. *See* 5 U.S.C. § 552(a)(3)(A). Simply put, failure to exhaust administrative remedies by the requesting party, *e.g.*, failure to make a proper FOIA request, permits a district court to dismiss such FOIA claims. *See McDonnell*, 4 F.3d at 1240-41.

Here, Plaintiff's Amended Complaint does not cure the deficiencies this Court found in the 2025 Opinion. (*See generally* Am. Compl.) In the 2025 Opinion, this Court found the following deficiencies: (1) the At-Issue Requests did not seek agency records so "USPS had no obligation" to provide them; and (2) Plaintiff failed to follow USPS's policies and procedures because the requests were incorrectly labeled, did not have the proper caption, and were submitted to inappropriate FOIA Requestor Service Centers. *Biggins*, 2025 WL 660606, at *4-5. While Plaintiff

makes the conclusory allegation that the At-Issue Requests are in "full and complete compliance with [USPS's] FOIA policies, practices, and procedures[,]" he makes no new allegations regarding the form of the At-Issue Requests, the nature of the information they seek, or how they were submitted or labeled. (*See generally* Am. Compl.) The new allegations Plaintiff makes in support of this assertion are that he has: (1) had "four [] decades [of] regularly and continuously ma[king] USPS customer Change of Address information requests under FOIA" with "meticulous[] compli[ance] with [USPS's FOIA] policies, practices and . . . procedures"; and (2) had phone calls with two employees of USPS's FOIA Requester Service Center, who "made clear, in words or substance, [that] the two local" post offices Plaintiff directed the At-Issue Requests to "were fully and completely responsible for this branch of FOIA requests and such Change of Address information requests were outside the scope of the USPS FOIA Field Requester Service Center at USPS St. Louis General Law Service Center" and "the USPS FOIA Headquarters Requester Service Center in Washington, DC[.]" (Am. Compl. ¶¶ 11-12, 43-44, 47-49.)

Taking these allegations as true, however, does not supplant the USPS policies and procedures regarding FOIA requests discussed in detail in the 2025 Opinion, or the Court's

previous finding in the 2025 Opinion, that Plaintiff failed to exhaust administrative remedies. *See Biggins*, 2025 WL 660606, at *4-5.[3]

Because Plaintiff's Amended Complaint does not address the deficiencies the Court laid out in its 2025 Opinion, and Plaintiff has failed to exhaust administrative remedies by failing to make a proper FOIA request, the Court dismisses Plaintiff's Amended Complaint without prejudice.[4]

---

[3] Plaintiff also alleges that USPS engaged in an "ongoing pattern and practice of unlawful[ly] den[ying] [FOIA] requests for USPS . . . customer 'Change of Address' information needed for service of legal process . . . because [USPS] only produced its response[] to the original request[] after the filing of the first Complaint," and has "failed and refused to provide additional responses subsequent to the filing of the initial Complaint." (Am. Compl. ¶¶ 82-83.) These allegations, however, do nothing to remedy the fact that Plaintiff failed to exhaust administrative remedies. *See Biear v. Att'y Gen. U.S.*, 905 F.3d 151, 156 (3d Cir. 2018) ("[F]ailure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust, which subjects a case to dismissal." (internal quotation marks and citation omitted)). Moreover, because Plaintiff's APA claim is premised on his claims that USPS violated FOIA, it fails for the same reasons his FOIA claims do. (Am. Compl. ¶¶ 100-107); *Pohl v. U.S. E.P.A.*, No. 09-1480, 2012 WL 762083, at *8 n.21 (W.D. Pa. Mar. 7, 2012) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." (citation omitted)); *Roe v. Oddo*, No. 25-128, 2025 WL 1892445, at *8 (W.D. Pa. July 9, 2025) (noting that because the agency "complied with the applicable laws . . . no APA violation exist[ed]"), *reconsideration denied*, No. 25-128, 2025 WL 3030692 (W.D. Pa. Oct. 30, 2025).

[4] Although this is the second dismissal, out of an abundance of caution, the Court grants *pro se* Plaintiff an opportunity to file a second amended complaint within forty-five days. *See, e.g., In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 739 (D.N.J. 2016) (citations omitted). The Court, however, again acknowledges USPS's argument that the Complaint is moot because it subsequently, voluntarily provided Plaintiff responses to the At-Issue Requests. (Def.'s Moving Br. 3.) Because the Court grants USPS's motion on another ground, the Court declines to address its mootness argument.

## IV.    CONCLUSION

For the reasons set forth herein, USPS's Motion to Dismiss is granted, and the Amended Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: _____2/17/, 2026

9